FILED
United States Court of Appeals
Tenth Circuit

April 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KYLE LEE HOUSTON, a/k/a Delihue,

Petitioner - Appellant,

v.

KEVIN MILYARD, Warden, S.C.F.;
JOHN SUTHERS, The Attorney
General of the State of Colorado,

Respondents - Appellees.

No. 08-1439
(D.C. No. 08-CV-01508-ZLW)
(D. Colo.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

Petitioner-Appellant Kyle Lee Houston, a state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. The district court dismissed the action as untimely under the one-year limitation period contained in 28 U.S.C. § 2244(d)(1). Because we agree with the district court that Mr. Houston's claims are time-barred, we deny his request and dismiss the appeal.

Mr. Houston originally pled guilty in 1992 to second degree burglary and was sentenced to thirteen years in community corrections. I R. at 81.

Apparently, that sentence was revoked in 2004 and he was resentenced to thirteen years of incarceration in the Colorado Department of Corrections. I R. at 82. Mr. Houston appealed the sentence and, when that was unsuccessful, sought post-conviction relief in state court. Mr. Houston's last filing in state court, a petition for a writ of habeas corpus, was denied by the Colorado Supreme Court on April 13, 2007. I R. at 97; see I R. at 105 (order of dismissal). On July 17, 2008, Mr. Houston filed a petition for habeas relief under 28 U.S.C. § 2254, challenging the validity of his resentencing. I R. at 3. However, the district court denied Mr. Houston's application for § 2254 relief and dismissed it as time-barred. I R. at 109 (order of dismissal). The district court also denied a COA. I R. at 120. Mr. Houston now seeks a COA from this court, arguing that he was "illegally and unconstitutionally" resentenced. He asserts his rights under various statutes, as well as Articles I and VI of the United States Constitution and the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution.

In order for this court to grant a COA, Mr. Houston must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on a procedural ground, he must show that jurists of reason would find it debatable (1) whether the district court was correct in its procedural ruling, and (2) whether the petition stated a valid claim of the denial of a constitutional right. Slack v.

McDaniel, 529 U.S. 473, 484-85 (2000). If he cannot make a threshold showing

on the procedural issue, we need not address the constitutional issues. Id.

Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to an

application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a state court. Pursuant to 28 U.S.C. § 2244(d)(1), this period begins

to run at the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. However, the limitation period is tolled during the time when a "properly

filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Mr. Houston does not allege that there are any constitutional rights newly

recognized by the Supreme Court that apply to his claims, nor does he assert that

he could not have discovered the factual predicate of his claims at the time of his

state court proceedings. Furthermore, it does not appear that there were any impediments that prevented his filing a § 2254 application. Accordingly, the one-year limitation period began to run as of the date on which the judgment became final and was tolled during his state post-conviction proceedings. The limitation period began to run again on April 14, 2007, the day after his application for state post-conviction relief was denied. Given that this habeas petition was not filed until July 17, 2008, Mr. Houston clearly failed to bring an action within the one-year limitation period.

We of course accept that the limitation period may be equitably tolled under "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). Those exceptional circumstances include instances when, for example, a prisoner is actually innocent, Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, Gibson, 232 F.3d at 808, or a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). However, "[s]imple excusable neglect is not sufficient" to bring about equitable tolling. Gibson, 232 F.3d at 808. Moreover, equitable tolling is appropriate only if the inmate pursues his claim diligently. Irwin, 489 U.S. at 96. In light of this requirement, we have stated that a petitioner must "allege with specificity 'the steps he took to diligently pursue

his federal claims.'" Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) (quoting Miller, 141 F.3d at 978).

In this case, however, Mr. Houston has not alleged with specificity the steps he took to diligently pursue his federal claims, nor has he alleged any facts that might justify equitable tolling. Accordingly, no reasonable jurist could debate the district court's conclusion that Mr. Houston was not entitled to equitable tolling. See Yang, 525 F.3d at 930-31; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Houston's action was untimely.

We DENY the application for a COA, DENY IFP, DENY all pending motions, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge